IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Damien Montgomery, | ) | C/A No.: 3:16-3234-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Blackhawk Industrial Distribution, Inc.,, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

In this employment discrimination case, Damien Montgomery ("Plaintiff") sues his former employer Blackhawk Industrial Distribution, Inc. ("Defendant"), asserting federal and state claims. On October 3, 2016, Defendant filed a partial motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted on Plaintiff's Second Cause of Action for "Wrongful Termination in Violation of Established Public Policy." [ECF No. 9].

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(g) (D.S.C.). Because the motion to dismiss is dispositive, this report and recommendation is entered for the district judge's consideration. For the reasons that follow, the undersigned recommends the district court grant Defendant's motion.

In its motion, Defendant argues that Plaintiff's claim should be dismissed because he has an existing statutory remedy for the same allegedly wrongful conduct., namely, his claim for retaliatory termination pursuant to Title VII of the Civil Rights Act of 1964, 42

U.S.C. § 2000e, et seq. ("Title VII").  Plaintiff did not file a response in opposition to Defendant's motion by the response deadline of October 20, 2016.  Thereafter, the court communicated by email with counsel and confirmed that Plaintiff does not oppose Defendant's motion.  [ECF No. 11].  Therefore, the undersigned recommends the court grant Defendant's partial motion to dismiss Plaintiff's Second Cause of Action for Wrongful Termination in Violation of Established Public Policy.  This recommendation does not impact Plaintiff's remaining Title VII claim against Defendant.

     IT IS SO RECOMMENDED.

November 16, 2016                                      Shiva V. Hodges
Columbia, South Carolina                  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Robin L. Blume, Clerk
>United States District Court
>901 Richland Street
>Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).